Here, Little's only factual basis is that "Windermere failed to investigate Ms. Little's complaint, then cut her pay and terminated her employment." This argument formed an integral part of her discrimination claim and the emotional injury she alleges is compensable in her discrimination action. This cause of action is therefore not cognizable under Washington law and the entry of summary judgment was appropriate.

## VI

In sum, we reverse the grant of summary judgment and remand for trial Little's claims of hostile work environment and retaliation in violation of Title VII and Washington's Law Against Discrimination and her claim for wrongful discharge in violation of public policy. We affirm the dismissal of her claim for negligent infliction of emotional distress in violation of Washington state tort law.

**AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings consistent with this opinion. The parties shall bear their own costs.**

**ALAMEDA BOOKS, INC., a California corporation; Highland Books, Inc., a California corporation, Plaintiffs–Appellees,**

v.

**CITY OF LOS ANGELES, Defendant–Appellant.**

No. 98–56200.

United States Court of Appeals, Ninth Circuit.

Filed May 31, 2002.

Before ROBERT BOOCHEVER, HAWKINS, and THOMAS, Circuit Judges.

## ORDER

This case is remanded to the district court for further proceedings consistent with *City of Los Angeles v. Alameda Books, Inc., et al.,* —— U.S. ——, 122 S.Ct. 1728, 152 L.Ed.2d 670 (2002).

**ALAMEDA BOOKS, INC., a California corporation; Highland Books, Inc., a California corporation, Plaintiffs–Appellees,**

v.

**CITY OF LOS ANGELES, Defendant–Appellant.**

No. 98–56200.

United States Court of Appeals, Ninth Circuit.

June 18, 2002.

Before: BOOCHEVER, HAWKINS, and THOMAS, Circuit Judges.

## ORDER

Appellees' Motion to Vacate Remand Order and to Defer Filing of any Future Remand Order for at Least 10 Days After Receiving a Judgment from the Supreme Court is GRANTED. The Court's Order of remand filed May 31, 2002 is withdrawn.